# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **RICHARD BURKS** and ) | |
| **CHRISTINE BURKS d/b/a** ) | |
| **C&R EQUIPMENT SALES,** ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 1:12cv00032 |
| ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| v. ) | |
| ) | |
| **TIACME LLC, MCOAL** ) | |
| **CORPORATION and NOVADX** ) | |
| **VENTURES CORPORATION,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the undersigned on the Defendant MCoal Corporation's Motion To Dismiss, (Docket Item No. 12), ("Motion"). After failing to timely respond to the Motion, in accordance with the Amended Scheduling Order, this court entered an order stating that the Motion would be treated as unopposed, (Docket Item No. 20), ("Order"). Thereafter, plaintiffs have not responded to either the Motion or the Order. That being the case, the court will dispense with a hearing and decide the Motion based on the pleadings and the written submissions of the defendant, MCoal Corporation, ("MCoal"). The Motion is before the undersigned magistrate judge by referral, pursuant to 28 U.S.C. § 636(b)(1)(B). Based on the arguments and representations presented, and for the reasons stated in this Report and Recommendation, the undersigned is of the opinion that the Motion should be granted.

1

## I. Facts

The plaintiffs, Richard and Christine Burks, doing business as C & R Equipment Sales, filed this action against Tiacme, LLC, MCoal and Novadx Ventures Corporation in Buchanan County Circuit Court. On June 7, 2012, the defendants removed the action to this court. The Complaint alleges that Tiacme entered into an agreement with the plaintiffs for repair services to be performed on a piece of mining equipment known as a miner head. The Complaint alleges that Tiacme delivered the miner head to plaintiffs at their place of business in Grundy, Virginia. The plaintiffs allege that they "performed extensive restoration and rebuild work on the miner head which included substantial replacement of parts and a significant amount of labor" concluding in December 2011.

The Complaint further alleges that the plaintiffs have invoiced Tiamce numerous times for the work performed on the miner head and that Tiamce has failed or refused to pay what it owes plaintiffs. The Complaint seeks $192,433.80 in damages against the defendants, jointly and severally, and a judgment recognizing that the plaintiffs have a mechanic's lien against the miner head and may sell the miner head to recoup their damages.

Regarding plaintiffs' claims against MCoal, the Complaint states:

> Defendant MCOAL Corporation is the parent company of [Tiacme]….
> …By virtue of its ownership of [Tiacme], the Plaintiff asserts that MCOAL Corporation is vicariously jointly and severally liable for payment in this matter.

2

Complaint at 1-2 (Docket Item No. 1, Att. 3, 5-6). The Complaint also states that both Tiacme and MCoal are "domiciled in Alabama" and share the same address.

On June 7, 2012, the defendants removed the plaintiffs' claims to this court based on diversity jurisdiction. (Docket Item No. 1.) On June 29, 2012, MCoal filed its Motion, seeking dismissal of the plaintiffs' claims against it for lack of personal jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(2) and for failure to state a claim for relief under Rule 12(b)(6). As stated above, the plaintiffs have not responded to the Motion.

## II. Analysis

MCoal argues that this court lacks personal jurisdiction over it pursuant to Federal Rule of Civil Procedure 12(b)(2). For the following reasons, I find that the plaintiffs have failed to allege facts sufficient to establish personal jurisdiction over MCoal. The plaintiffs bear the burden of proving facts necessary to establish personal jurisdiction over a defendant. *See Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993); *Boyd v. Green,* 496 F. Supp. 2d 691, 699 (W.D.Va. 2007). When a district court decides a personal jurisdiction motion without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction and, in deciding whether the plaintiff has made the requisite showing, the court must take all disputed facts and reasonable inferences in favor of the plaintiff. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). Here, the matter is before the court on a motion to dismiss based on the pleadings. That being the case, I find that the plaintiffs must make only a prima facie showing of personal jurisdiction.

3

To determine whether personal jurisdiction exists over an out-of-state defendant requires a two-part inquiry: (1) whether a forum state's long-arm statute authorizes jurisdiction over the nonresident defendant; and (2) whether assertion of personal jurisdiction over the nonresident defendant violates due process. *See Wolf v. Richmond County Hosp. Auth.*, 745 F.2d 904, 909 (4th Cir. 1984); *Boyd,* 496 F. Supp. 2d at 699-701. The Virginia long-arm statute, found at VA. CODE ANN. § 8.01-328.1, reads in relevant part as follows: "A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's . . . [t]ransacting any business in this Commonwealth. . . ." "Because Virginia's long-arm statute extends personal jurisdiction to the extent permitted by the Due Process Clause, 'the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one.'" *Sportrust Assocs. Int'l, Inc. v. Sports Corp.*, 304 F. Supp. 2d 789, 792 (E.D. Va. 2004) (quoting *Young v. New Haven Advocate*, 315 F.3d 256, 261 (4th Cir. 2002)). "[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Two types of personal jurisdiction exist: (1) general personal jurisdiction; and (2) specific personal jurisdiction. A court exercises general personal jurisdiction when it exercises personal jurisdiction over a defendant in a suit not arising out of the defendant's contacts with the forum. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 n.9 (1984). For general jurisdiction over a corporation to comport with due process, there must be

4

"continuous corporate operation within a state [that is] thought so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993) (quoting *Int'l Shoe*, 326 U.S. at 318). Sufficient minimum contacts for the constitutional exercise of general personal jurisdiction exist where a nonresident corporation has substantial contacts with the forum state that are "continuous and systematic." *Reynolds & Reynolds Holdings, Inc. v. Data Supplies, Inc.,* 301 F. Supp. 2d 545, 550 (E.D.Va. 2004) (quoting *Helicopteros*, 466 U.S. at 416). Specific personal jurisdiction, on the other hand, must be based on activities that "'arise [] out of' or 'relate[] to' the cause of action and can exist even if the defendant's contacts are 'isolated and sporadic.'" *Silent Drive Inc. v Strong Indus., Inc.*, 326 F.3d 1194, 1200 (Fed. Cir. 2003) (quoting *Burger King Corp. v. Rudzewicz*, 417 U.S. 462, 472-73 (1985)). To exercise specific personal jurisdiction over a nonresident defendant, the defendant must have purposefully directed its activities at residents of the forum and the claim must arise out of or relate to those activities *See Federal Ins. Co. v. Lake Shore, Inc.*, 886 F.2d 654, 660 (4th Cir. 1989).

In this case, the plaintiffs have not alleged any facts from which the court can determine that the Virginia long-arm statute allows the exercise of jurisdiction over MCoal or that any such exercise of jurisdiction would be constitutionally permissible. The Complaint admits that MCoal is "domiciled" in Alabama. According to the Complaint, MCoal's only contact with Virginia is that it owns Tiacme, a limited liability company, who, plaintiffs allege, contracted with them to rebuild its miner head at their Virginia business. Ownership of a corporate entity, even if that corporate entity routinely conducts business in the state, does not confer personal jurisdiction on the owner. *See Goldrick v. D.M. Picton Co.*, 56

5

F.R.D. 639, 642 (E.D. Va. 1971) (the doing of business of subsidiary corporation in a state does not without more confer jurisdiction over the nonresident parent corporation). "Standing alone, the mere existence of a parent-subsidiary relationship does not conclusively indicate that a parent is within a court's jurisdiction by way of the subsidiary's in-state activities." *Omega Homes, Inc., v. Citicorp Acceptance Co.*, 656 F. Supp. 393, 399 (W.D. Va. 1987).

The facts contained in the Complaint also fail to state a claim against MCoal. Federal courts sitting in diversity, as here, must apply the choice of law provisions of the forum state. *See Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496-97 (1941); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Here, Virginia is the forum state. In Virginia, the performance of a contract is governed by the law of the place of performance. *See Occidental Fire & Cas. Co. of N.C. v. Bankers & Shippers Ins. Co. of N.Y.*, 564 F. Supp. 1501, 1503 (W.D. Va. 1983) (citing *Norman v. Baldwin*, 148 S.E. 831 (Va. 1929)). Therefore, Virginia law controls.

Under Virginia law, the owner of a corporate entity is not liable for the debts of the corporate entity.

> "Before the corporate entity may be properly disregarded and the parent corporation held liable for the acts of its subsidiary, … it must be shown not only that undue domination and control was exercised by the parent corporation over the subsidiary, but also that this control was exercised in such a manner as to defraud and wrong the complainant, and that unjust loss or injury will be suffered by the complainant as the result of such domination unless the parent corporation be held liable."

6

*Beale v. Kappa Alpha Order*, 64 S.E.2d 789, 797 (Va. 1951) (citation omitted). Furthermore, Virginia law makes no distinction between limited liability companies and corporations. "A limited liability company is an entity that, like a corporation, shields its members from personal liability based on actions of the entity." *Gowin v. Granite Depot, LLC,* 634 S.E.2d 714, 719 (Va. 2006). *See also* VA. CODE ANN. § 13.1-1019 (Repl. Vol. 2011).

The Complaint in this case alleges only that MCoal owns Tiacme and that they share the same address in Alabama. These facts, standing alone, are insufficient to impose liability on MCoal.

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following findings, conclusions and recommendations:

1. The Complaint fails to allege facts sufficient to establish a prima facie showing of personal jurisdiction over MCoal; and

2. The Complaint fails to allege facts sufficient to state a claim upon which relief may be granted against MCoal.

## RECOMMENDED DISPOSITION

Based upon the above-stated reasons, the undersigned recommends the court grant MCoal's Motion and dismiss plaintiffs' claims against it.

7

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636 (b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in the matter to the Honorable James P. Jones, United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record.

ENTER: August 9, 2012.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE